1  FENNEMORE CRAIG, P.C.
   A. Bates Butler III (ASBN 002417)
2  *Application for admission pro hac vice pending*
   One S. Church Ave., Suite 1000
3  Tucson, Arizona 85701
   Telephone: (702) 879-6800
4  Email: bbutler@fclaw.com

5  Anthony B. Golden (NV Bar No. 9563)
   300 S. Fourth Street, Suite 1400
6  Las Vegas, NV  89101
   Telephone:  (702) 692-8000
7  Email: agolden@fclaw.com

8  Attorneys for Plaintiffs Incorp Services, Inc. and
   Doug Ansell
9

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF NEVADA**

12  Incorp Services, Inc., a Nevada corporation;
    and Doug Ansell, an individual,
13                                                    No. _____
              Plaintiffs,
14
              v.                              **I.  COMPLAINT UNDER R.I.C.O.**
15                                                **ACT § 1962(c), (d); UNFAIR**
    Nevada  State  Corporate  Network,  Inc.,  a       **COMPETITION; DEFAMA-**
16  Nevada corporation; Susan Miller and Graig         **TION; AND TORTIOUS**
    Zapper, husband and wife,                          **INTERFERENCE**
17
              Defendants.                     **II. APPLICATION FOR**
18                                                **INJUNCTIVE RELIEF**
19

20

21        Plaintiffs Incorp Services, Inc. ("Incorp") and Doug Ansell ("Ansell") allege as

22  follows:

23

24                       **JURISDICTION AND VENUE**

25        1.   This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331

26  (federal question) and 18 U.S.C. § 1964.  This Court has supplemental jurisdiction over

27  the state law claims in this action under 28 U.S.C. § 1367, because the state law claims are

28  so related to the federal claims that they form part of the same case or controversy and

FENNEMORE CRAIG, P.C.
   LAS VEGAS

1    derive from a common nucleus of operative facts.

2        2.    Venue is proper under 28 U.S.C. § 1391.

### COUNT I
### (Racketeer Influenced Corrupt Organizations Act Claim
### 18 U.S.C. § 1962(c) and (d))

3.    Incorp:  (i) is a Nevada corporation; (ii) has its principal place of business in Nevada; and (iii) is duly authorized to conduct business in Nevada.

4.    Doug Ansell ("Ansell"): (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of Incorp.

5.    Defendant Nevada State Corporate Network, Inc. ("NSCN"):  (i) is a Nevada corporation, with its principal place of business in Clark County, Nevada; and (ii) has caused an event to occur in Las Vegas, Nevada and elsewhere, out of which this complaint arises.

6.    Defendant Susan Miller ("Miller"):  (i) is a citizen and/or resident of the State of Nevada, County of Clark; and (ii) is an officer and director of NSCN.

7.    Defendant Graig Zapper ("Zapper"):  (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of NSCN.

8.    Defendants Miller and Zapper are husband and wife, and at all times pertinent hereto, Defendants Miller and Zapper were acting for and on behalf of the marital community made up of Defendants Miller and Zapper.

9.    NSCN, Miller and Zapper are referred to collectively as the "NSCN Defendants."

10.  Incorp is a corporate service and resident agent company that provides services for its customers in Nevada and elsewhere in the United States ("U.S.").

11.  NSCN is a competitor of Incorp.

12.  The NSCN Defendants devised, and engaged in the following scheme or artifice (the "Scheme") to defraud Incorp and/or its customers and its business affiliates, for the purpose of obtaining money from Incorp and/or its customers and its business affiliates by means of false or fraudulent pretenses or representations and for the purpose of executing

1   such Scheme or attempting to do so placed or caused to be placed with the U.S. Postal

2   Service letters containing false and defamatory language in violation of 18 U.S.C. § 1341

3   (mail fraud):

4   (a)  NSCN, by and through its officers, directors, employees and agents, authored and

5   mailed to the customers and business affiliates of Incorp and to certain public officials,

6   including but not limited to those public officials listed in Exhibit "1" attached hereto,

7   (collectively, the "Recipients") a series of letters and other written correspondence

8   (collectively, the "Letters") using an alias or fictitious name, including without limitation

9   "Victims United Against Abuse" and "Dewey, Screwum and Howe" for the purpose of

10  conducting, promoting or carrying on by means of the U.S. Postal Service the Scheme to

11  defraud set out above in violation of 18 U.S.C. § 1342;

12  (b)  The Letters make false and fraudulent representations that Ansell "has been

13  convicted of Producing Child Pornography," which are defamatory per se;

14  (c)  The NSCN Defendants created and circulated the Letters for the purpose of

15  damaging Incorp and Ansell's business reputation and obtaining business from the

16  Recipients;

17  (d)  The Letters were (i) placed by NSCN with the U.S. Postal Service in Nevada for

18  delivery to the Recipients in numerous U.S. states, and (ii) delivered by the U.S. Postal

19  Service from NSCN in Nevada to each of the Recipients in the U.S.   True copies of

20  Letters sent to the Recipients are attached as Exhibits "2" and "3."   A true and correct

21  copy of an envelope used to send the Letters via the U.S. Postal Service is attached as

22  Exhibit "4."

23  13. The Letters were created by or for NSCN, and mailed to the Recipients, with the

24  knowledge, assistance and approval of NSCN, Miller and Zapper.

25  14. As a result of the Scheme set forth above, some of the Recipients have been

26  induced to terminate their relationship with Incorp.

27  15. The NSCN Defendants are an "enterprise" as defined in 18 U.S.C. § 1961(4).

28

FENNEMORE CRAIG, P.C.

LAS VEGAS

16. The actions of the NSCN Defendants set out above constitute "racketeering activity" as defined in 18 U.S.C. § 1961(1).

17. The actions of the NSCN Defendants set out above constitute a continuous "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

18. The NSCN Defendants, by their conduct set out above (i) knowingly used the U.S. Postal Service in interstate commerce to execute and/or in furtherance of the Scheme, and (ii) had the specific intent to defraud Incorp, Ansell and the Recipients.

19. Incorp and Ansell have each sustained damage as a direct result of the Scheme in an amount to be proven at trial.

20. The damage sustained by Incorp and Ansell was reasonably foreseeable by NSCN Defendants.

21. As a result of the actions set out above, NSCN, Miller and Zapper are liable, jointly and severally, under 18 U.S.C. § 1962(c) and (d) for all of the damage sustained by Incorp and Ansell as a result of the Scheme.

22. Pursuant to 18 U.S.C. § 1964(c), Incorp and Ansell are entitled to recover from the defendants "threefold the [amount] of damages that Incorp and Ansell have sustained, and the costs of [this action], including a reasonable attorney's fee."

23. Incorp and Ansell are informed and believe that (i) there have been no criminal convictions for any part of the Scheme, and (ii) there has been no prior civil litigation for any part of the Scheme.

24. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled under 18 U.S.C. § 1964(c) to recover their reasonable attorneys' fees and costs incurred.

## COUNT II
### (Unfair Competition)

25. All allegations set forth above are incorporated herein.

26. On information and belief, NSCN, Miller and Zapper unfairly used, and continue to unfairly use, Incorp's confidential information and trade secrets, including but not

FENNEMORE CRAIG, P.C.
LAS VEGAS

- 4 -

1   limited to, names and addresses of Incorp customers and affiliates, to divert or attempt to

2   divert Incorp's business relationships, expectancies and opportunities to benefit

3   themselves to the detriment of Incorp, which confidential information was obtained from

4   former employees of Incorp now in the employ of NSCN.

5       27. By using the U.S. Postal Service in mailing the Letters containing fraudulent

6   representations and defamatory statements as part of their Scheme, the NSCN Defendants

7   have engaged in unfair competition.

8       28. These improper actions have caused (i) NSCN, Miller and Zapper to unfairly

9   obtain business gains at the expense of Incorp, and (ii) Incorp customers to divert business

10   to NSCN.

11       29. The NSCN Defendants' actions constitute unfair competition.

12       30. The NSCN Defendants' actions are and were unfair and wrongful, and are being

13   and were (i) calculated to injure Incorp and Ansell in the marketplace, and (ii) done with

14   the intent of damaging Incorp and Ansell's business interests.

15       31. Incorp and Ansell have suffered damages in an amount to be proven at trial, as a

16   proximate and direct result of the NSCN Defendants' wrongful conduct.

17       32. The NSCN Defendants' conduct has caused and will continue to cause irreparable

18   injury to Incorp and Ansell, their business reputations and their goodwill.

19       33. Incorp and Ansell have no adequate remedy at law.

20       34. Incorp and Ansell have been irreparably harmed and will suffer immediate and

21   irreparable injury, loss or damage unless and until the NSCN Defendants are preliminarily

22   and permanently enjoined from obtaining, retaining, or using any Incorp confidential

23   information or trade secrets and from using the U.S. Postal Service or any other means to

24   distribute and/or publish any false or fictitious information about Incorp or Ansell as

25   described in the Letters above.

26       35. The NSCN Defendants' conduct was gross, wanton, malicious, oppressive and

27   showed spite, ill will, and reckless indifference to the interests of others. As a result, the

28   NSCN Defendants are liable for punitive damages.

FENNEMORE CRAIG, P.C.
LAS VEGAS

36. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

**COUNT III**
**(Defamation)**

37. All allegations set forth above are incorporated herein.

38. The statements in the Letters described above, willfully, maliciously and purposefully published by the NCSN Defendants, were false, libelous and defamatory per se (the "Defamatory Statements"), and were published for the sole purpose of defaming, embarrassing, humiliating, and causing other damage and injury to Incorp and Ansell.

39. The NSCN Defendants published the Defamatory Statements knowing that they were untrue, or recklessly disregarded the Defamatory Statements' falsity.

40. In publishing the Defamatory Statements, the NSCN Defendants acted with malice toward Incorp and Ansell.

41. The NSCN Defendants intended that the Defamatory Statements be published and did publish the Defamatory Statements to third parties, including but not limited to, the Recipients.

42. The Defamatory Statements were calculated to cause, and did cause, great injury to Incorp and Ansell's reputation including, but not limited to, damage to prospective business relations, humiliation and embarrassment.

43. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

**COUNT IV**
**(Intentional Interference with Contractual Relations)**

44. All allegations set forth above are incorporated herein

45. Incorp had contracts with several customers and business affiliates.

46. The NSCN Defendants knew of these contracts.

FENNEMORE CRAIG, P.C.

LAS VEGAS

47. The NSCN Defendants intentionally interfered and disrupted these contracts by mailing the Letters and by making the Defamatory Statements to Incorp's customers and business affiliates.

48. As a direct and proximate cause of NSCN Defendants' intentional interference with contracts between Incorp and its customers and business affiliates, Incorp has been damaged in an amount to be determined at trial, plus interest thereon.

49. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

### COUNT V
### (Intentional Interference with Prospective Business Advantage)

50. All allegations set forth above are incorporated herein.

51. Incorp and Ansell had ongoing business relationships with numerous customers and business affiliates throughout the U.S., which would have led to additional business for Incorp and Ansell.

52. The NSCN Defendants knew of these business relationships.

53. The NSCN Defendants intended to interfere with these business relationships by engaging in the Scheme to defraud set forth above and by making the Defamatory Statements.

54. None of the NSCN Defendants had the privilege or justification to engage in the acts herein described.

55. As a direct and proximate cause of the NSCN Defendants' intentional interference with the prospective business advantage of Incorp and Ansell, Incorp and Ansell have been damaged in an amount to be determined at trial, plus interest thereon.

56. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

**DEMAND FOR RELIEF**

WHEREFORE, Incorp and Ansell demand judgment against Defendants, jointly and severally, as follows:

1.    For damages in an amount to be proven at trial, plus interest thereon;

2.    For treble damages pursuant to 18 U.S.C. § 1964(c);

3.    For punitive damages in an amount that would punish Defendants for their willful and wanton conduct and to deter Defendants from future unlawful conduct;

4.    For preliminary and permanent injunctive relief preventing Defendants from directly or indirectly using Incorp's confidential information and trade secrets, including but not limited to, names and addresses of Incorp customers and affiliates, which information is confidential and a trade secret, for competitive purposes and to further Defendants' Scheme;

5.    For preliminary and permanent injunctive relief preventing Defendants from using the U.S. Postal Service or any other means to distribute and/or publish any false or fictitious information about Incorp or Ansell as described in the Letters;

6.    For Incorp and Ansell's attorneys' fees and costs incurred; and

7.    For all other legal and equitable relief to which Incorp and/or Ansell is entitled.

DATED:  July 31, 2007.

FENNEMORE CRAIG, P.C.


By /s/ Anthony B. Golden
    Anthony B. Golden - #9563
    300 S. Fourth Street, Suite 1400
    Las Vegas, Nevada 89101
    702.692.8000

    and

    A. Bates Butler III
    One S. Church Ave., Suite 1000
    Tucson, AZ 85701

    Attorneys for Incorp Services, Inc. and
    Doug Ansell

8569.4/22245.001

FENNEMORE CRAIG, P.C.
LAS VEGAS