FENNEMORE CRAIG, P.C.
A. Bates Butler III, Esq. (ASBN 002417)
*Application for admission pro hac vice pending*
One S. Church Ave., Suite 1000
Tucson, Arizona 85701
Telephone: (520) 879-6800
Email: bbutler@fclaw.com

Anthony B. Golden, Esq. (NV Bar No. 9563)
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Email: agolden@fclaw.com

Attorneys for Plaintiffs Incorp Services, Inc. and Doug Ansell

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife,<br><br>Defendants. | NO.: 2:07-CV-1014<br><br>**FIRST AMENDED**<br><br>**I. COMPLAINT UNDER R.I.C.O. ACT § 1962(c), (d); UNFAIR COMPETITION; DEFAMA-TION; AND TORTIOUS INTERFERENCE**<br><br>**II. APPLICATION FOR INJUNCTIVE RELIEF** |

Plaintiffs Incorp Services, Inc. ("Incorp") and Doug Ansell ("Ansell") allege for their First Amended Complaint as follows:

**JURISDICTION AND VENUE**

This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964. This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1. Venue is proper under 28 U.S.C. § 1391.

FENNEMORE CRAIG, P.C.
LAS VEGAS

## COUNT I
### (Racketeer Influenced Corrupt Organizations Act Claim 18 U.S.C. § 1962(c) and (d))

2. Incorp: (i) is a Nevada corporation; (ii) has its principal place of business in Nevada; and (iii) is duly authorized to conduct business in Nevada.

3. Doug Ansell ("Ansell"): (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of Incorp.

4. Defendant Nevada State Corporate Network, Inc. ("NSCN"): (i) is a Nevada corporation, with its principal place of business in Clark County, Nevada; and (ii) has caused an event to occur in Las Vegas, Nevada and elsewhere, out of which this complaint arises.

5. Defendant Susan Miller ("Miller"): (i) is a citizen and/or resident of the State of Nevada, County of Clark; and (ii) is an officer and director of NSCN.

6. Defendant Graig Zapper ("Zapper"): (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of NSCN.

7. Defendants Miller and Zapper are husband and wife, and at all times pertinent hereto, Defendants Miller and Zapper were acting for and on behalf of the marital community made up of Defendants Miller and Zapper.

8. NSCN, Miller and Zapper are referred to collectively as the "NSCN Defendants."

9. Incorp is a corporate service and resident agent company that provides services for its customers in Nevada and elsewhere in the United States ("U.S.").

10. NSCN is a competitor of Incorp.

11. The NSCN Defendants devised, and engaged in the following scheme or artifice (the "Scheme") to defraud Incorp and/or its customers and its business affiliates, for the purpose of obtaining money from Incorp and/or its customers and its business affiliates by means of false or fraudulent pretenses or representations and for the purpose of executing such Scheme or attempting to do so placed or caused to be placed with the U.S. Postal Service letters containing false and defamatory language in violation of 18 U.S.C. § 1341

(mail fraud):

(a) NSCN, by and through its officers, directors, employees and agents, authored and mailed to the customers and business affiliates of Incorp and to certain public officials, including but not limited to those public officials listed in Exhibit "1" attached hereto, (collectively, the "Recipients") a series of letters and other written correspondence (collectively, the "Letters") using an alias or fictitious name, including without limitation "Victims United Against Abuse" and "Dewey, Screwum and Howe" for the purpose of conducting, promoting or carrying on by means of the U.S. Postal Service the Scheme to defraud set out above in violation of 18 U.S.C. § 1342;

(b) The Letters make false and fraudulent representations that Ansell "has been convicted of Producing Child Pornography," which are defamatory per se;

(c) The NSCN Defendants created and circulated the Letters for the purpose of damaging Incorp and Ansell's business reputation and obtaining business from the Recipients;

(d) The Letters were (i) placed by NSCN with the U.S. Postal Service in Nevada for delivery to the Recipients in numerous U.S. states, and (ii) delivered by the U.S. Postal Service from NSCN in Nevada to each of the Recipients in the U.S. A true and correct copy of an envelope used to send the Letters via the U.S. Postal Service is attached as Exhibit "2."

12. The Letters were created by or for NSCN, and mailed to the Recipients, with the knowledge, assistance and approval of NSCN, Miller and Zapper.

13. As a result of the Scheme set forth above, some of the Recipients have been induced to terminate their relationship with Incorp.

14. The NSCN Defendants are an "enterprise" as defined in 18 U.S.C. § 1961(4).

15. The actions of the NSCN Defendants set out above constitute "racketeering activity" as defined in 18 U.S.C. § 1961(1).

16. The actions of the NSCN Defendants set out above constitute a continuous "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

FENNEMORE CRAIG, P.C.
LAS VEGAS

17. The NSCN Defendants, by their conduct set out above (i) knowingly used the U.S. Postal Service in interstate commerce to execute and/or in furtherance of the Scheme, and (ii) had the specific intent to defraud Incorp, Ansell and the Recipients.

18. Incorp and Ansell have each sustained damage as a direct result of the Scheme in an amount to be proven at trial.

19. The damage sustained by Incorp and Ansell was reasonably foreseeable by NSCN Defendants.

20. As a result of the actions set out above, NSCN, Miller and Zapper are liable, jointly and severally, under 18 U.S.C. § 1962(c) and (d) for all of the damage sustained by Incorp and Ansell as a result of the Scheme.

21. Pursuant to 18 U.S.C. § 1964(c), Incorp and Ansell are entitled to recover from the defendants "threefold the [amount] of damages that Incorp and Ansell have sustained, and the costs of [this action], including a reasonable attorney's fee."

22. Incorp and Ansell are informed and believe that (i) there have been no criminal convictions for any part of the Scheme, and (ii) there has been no prior civil litigation for any part of the Scheme.

23. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled under 18 U.S.C. § 1964(c) to recover their reasonable attorneys' fees and costs incurred.

## COUNT II
### (Unfair Competition)

24. All allegations set forth above are incorporated herein.

25. On information and belief, NSCN, Miller and Zapper unfairly used, and continue to unfairly use, Incorp's confidential information and trade secrets, including but not limited to, names and addresses of Incorp customers and affiliates, to divert or attempt to divert Incorp's business relationships, expectancies and opportunities to benefit themselves to the detriment of Incorp, which confidential information was obtained from former employees of Incorp now in the employ of NSCN.

26. By using the U.S. Postal Service in mailing the Letters containing fraudulent representations and defamatory statements as part of their Scheme, the NSCN Defendants have engaged in unfair competition.

27. These improper actions have caused (i) NSCN, Miller and Zapper to unfairly obtain business gains at the expense of Incorp, and (ii) Incorp customers to divert business to NSCN.

28. The NSCN Defendants' actions constitute unfair competition.

29. The NSCN Defendants' actions are and were unfair and wrongful, and are being and were (i) calculated to injure Incorp and Ansell in the marketplace, and (ii) done with the intent of damaging Incorp and Ansell's business interests.

30. Incorp and Ansell have suffered damages in an amount to be proven at trial, as a proximate and direct result of the NSCN Defendants' wrongful conduct.

31. The NSCN Defendants' conduct has caused and will continue to cause irreparable injury to Incorp and Ansell, their business reputations and their goodwill.

32. Incorp and Ansell have no adequate remedy at law.

33. Incorp and Ansell have been irreparably harmed and will suffer immediate and irreparable injury, loss or damage unless and until the NSCN Defendants are preliminarily and permanently enjoined from obtaining, retaining, or using any Incorp confidential information or trade secrets and from using the U.S. Postal Service or any other means to distribute and/or publish any false or fictitious information about Incorp or Ansell as described in the Letters above.

34. The NSCN Defendants' conduct was gross, wanton, malicious, oppressive and showed spite, ill will, and reckless indifference to the interests of others. As a result, the NSCN Defendants are liable for punitive damages.

35. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

## COUNT III
## (Defamation)

36. All allegations set forth above are incorporated herein.

37. The statements in the Letters described above, willfully, maliciously and purposefully published by the NCSN Defendants, were false, libelous and defamatory per se (the "Defamatory Statements"), and were published for the sole purpose of defaming, embarrassing, humiliating, and causing other damage and injury to Incorp and Ansell.

38. The NSCN Defendants published the Defamatory Statements knowing that they were untrue, or recklessly disregarded the Defamatory Statements' falsity.

39. In publishing the Defamatory Statements, the NSCN Defendants acted with malice toward Incorp and Ansell.

40. The NSCN Defendants intended that the Defamatory Statements be published and did publish the Defamatory Statements to third parties, including but not limited to, the Recipients.

41. The Defamatory Statements were calculated to cause, and did cause, great injury to Incorp and Ansell's reputation including, but not limited to, damage to prospective business relations, humiliation and embarrassment.

42. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

## COUNT IV
## (Intentional Interference with Contractual Relations)

43. All allegations set forth above are incorporated herein

44. Incorp had contracts with several customers and business affiliates.

45. The NSCN Defendants knew of these contracts.

46. The NSCN Defendants intentionally interfered and disrupted these contracts by mailing the Letters and by making the Defamatory Statements to Incorp's customers and business affiliates.

FENNEMORE CRAIG, P.C.
LAS VEGAS

47. As a direct and proximate cause of NSCN Defendants' intentional interference with contracts between Incorp and its customers and business affiliates, Incorp has been damaged in an amount to be determined at trial, plus interest thereon.

48. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

## COUNT V
### (Intentional Interference with Prospective Business Advantage)

49. All allegations set forth above are incorporated herein.

50. Incorp and Ansell had ongoing business relationships with numerous customers and business affiliates throughout the U.S., which would have led to additional business for Incorp and Ansell.

51. The NSCN Defendants knew of these business relationships.

52. The NSCN Defendants intended to interfere with these business relationships by engaging in the Scheme to defraud set forth above and by making the Defamatory Statements.

53. None of the NSCN Defendants had the privilege or justification to engage in the acts herein described.

54. As a direct and proximate cause of the NSCN Defendants' intentional interference with the prospective business advantage of Incorp and Ansell, Incorp and Ansell have been damaged in an amount to be determined at trial, plus interest thereon.

55. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs incurred.

## DEMAND FOR RELIEF

WHEREFORE, Incorp and Ansell demand judgment against Defendants, jointly and severally, as follows:

1. For damages in an amount to be proven at trial, plus interest thereon;
2. For treble damages pursuant to 18 U.S.C. § 1964(c);

FENNEMORE CRAIG, P.C.
LAS VEGAS

3.  For punitive damages in an amount that would punish Defendants for their willful and wanton conduct and to deter Defendants from future unlawful conduct;

4.  For preliminary and permanent injunctive relief preventing Defendants from directly or indirectly using Incorp's confidential information and trade secrets, including but not limited to, names and addresses of Incorp customers and affiliates, which information is confidential and a trade secret, for competitive purposes and to further Defendants' Scheme;

5.  For preliminary and permanent injunctive relief preventing Defendants from using the U.S. Postal Service or any other means to distribute and/or publish any false or fictitious information about Incorp or Ansell as described in the Letters;

6.  For Incorp and Ansell's attorneys' fees and costs incurred; and

7.  For all other legal and equitable relief to which Incorp and/or Ansell is entitled.

DATED: August 1, 2007.

FENNEMORE CRAIG, P.C.

By /s/ *Anthony B. Golden*
Anthony B. Golden, Esq. - #9563
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
702.692.8000

and

A. Bates Butler III, Esq.
One S. Church Ave., Suite 1000
Tucson, Arizona 85701

Attorneys for Incorp Services, Inc. and Doug Ansell

8644.1/99502.020

# EXHIBIT 1

| GoverningAgencyName | GoverningAgencyAddress | GoverningAgencyCity | StateOrProvince | GoverningAgencyPostalCode |
|---|---|---|---|---|
| Alabama Secretary of State | PO Box 5616 | Montgomery | Alabama | 36103-5616 |
| Alaska Department of Commerce, Community, and Economic Development | PO Box 110808 | Juneau | Alaska | 99811-0808 |
| Arizona Corporation Commission | 1300 West Washington Street | Phoenix | Arizona | 85007-2929 |
| Arkansas Secretary of State | State Capitol | Little Rock | Arkansas | 72201 |
| California Secretary of State | 1500 11th Street | Sacramento | California | 95814 |
| Colorado Secretary of State | 1700 Broadway, Ste 200 | Denver | Colorado | 80290 |
| Connecticut Secretary of State | 30 Trinity Street | Hartford | Connecticut | 06106 |
| Delaware Secretary of State | PO Box 898 | Dover | Delaware | 19903 |
| District of Columbia Department of Consumer & Regulatory Affairs | 941 North Capitol Street, N.E. | Washington | District of Columbia | 20002 |
| Florida Department of State | Clifton Building - 2661 Executive Center Circle | Tallahassee | Florida | 32301 |
| Georgia Secretary of State | 2 Martin Luther King, Jr. Drive S.E. Suite 315, West Tower | Atlanta | Georgia | 30334 |
| Department of Commerce and Consumer Affairs | PO Box 40 | Honolulu | Hawaii | 96810 |
| Office of the Secretary of State | PO Box 83720 | Boise | Idaho | 83720-0080 |
| Illinois Secretary of State | 501 S. Second St., Suite 328 | Springfield | Illinois | 62756 |
| Indiana Secretary of State | 302 West Washington Street, Room E018 | Indianapolis | Indiana | 46204 |
| Office of the Secretary of State | First Floor, Lucas Building 321 E. 12th St. | Des Moines | Iowa | 50319 |
| Kansas Secretary of State | Memorial Hall, First Floor 120 S. W. 10th Ave. | Topeka | Kansas | 66612-1594 |
| Kentucky Secretary of State | 700 Capital Avenue Suite 152, State Capitol | Frankfort | Kentucky | 40601 |
| Louisiana Secretary of State | PO Box 94125 | Baton Rouge | Louisiana | 70804 |
| Maine State Department | 101 State House Station | Agusta | Maine | 04333 |
| Maryland Secretary of State | 301 West Preston Street, 8th Floor / Room 801 | Baltimore | Maryland | 21201 |
| Massachusetts Secretary of State | One Ashburton Place, 17th floor | Boston | Massachusetts | 02108 |
| Michigan Department of Labor & Economic Growth | PO Box 30054 | Lansing | Michigan | 48909 |
| Minnesota Secretary of State | 60 Empire Drive | St. Paul | Minnesota | 55155-1299 |

| Agency | Address | Address 2 | City | State | ZIP |
|---|---|---|---|---|---|
| Alabama Secretary of State | PO Box 5616 | | Montgomery | Alabama | 36103-5616 |
| Mississippi Secretary of State | PO Box 136 | | Jackson | Mississippi | 39205-0136 |
| Missouri Corporations Division | PO Box 778 | | Jefferson City | Missouri | 65102-0778 |
| Montana Secretary of State | PO Box 202801 | | Helena | Montana | 59620-2801 |
| Nebraska Secretary of State | PO Box 94608 | | Lincoln | Nebraska | 68509-4608 |
| Nevada Secretary of State | 101 North Carson Street, Suite 3 | | Carson City | Nevada | 89701-4786 |
| New Hampshire Secretary of State | 107 North Main Street | | Concord | New Hampshire | 03301-4989 |
| New Jersey Division of Revenue | PO Box 308 | | Trenton | New Jersey | 08625 |
| New Mexico Corporations Division | PO Box 1269 | | Santa Fe | New Mexico | 87504 |
| New York Department of State | 41 State Street | | Albany | New York | 12231-0001 |
| North Carolina Secretary of State | PO Box 29622 | | Raleigh | North Carolina | 27626-0622 |
| North Dakota Secretary of State | 600 East Boulevard Avenue | | Bismarck | North Dakota | 58505-0500 |
| Ohio Secretary of State | 180 Broad Street, 15th Floor | | Columbus | Ohio | 43215 |
| Oklahoma Secretary of State | 2300 N. Lincoln Blvd., Room 101 | | Oklahoma City | Oklahoma | 73105-4897 |
| Oregon Office of the Secretary of State | Public Service Building, Suite 151 | 255 Capitol Street NE | Salem | Oregon | 97310 |
| Pennsylvania Secretary of State | 206 North Office Building | P.O. Box 8721 | Harrisburg | Pennsylvania | 17105-8721 |
| Rhode Island Secretary of State | 148 W. River Street | | Providence | Rhode Island | 02904-2615 |
| South Carolina Secretary of State | PO Box 11350 | | Columbia | South Carolina | 29211 |
| South Dakota Secretary of State | Capitol Building | 500 East Capitol Avenue, Suite 204 | Pierre | South Dakota | 57501-5070 |
| Tennessee Department of State | 312 Eighth Avenue North | 6th Floor, William R. Snodgrass Tower | Nashville | Tennessee | 37243 |
| Texas Secretary of State | PO Box 13697 | | Austin | Texas | 78711 |
| Utah Department of Commerce | 160 East, 300 South | | Salt Lake City | Utah | 84114-6705 |
| Vermont Secretary of State | Heritage I Building | 81 River Street | Montpelier | Vermont | 05609-1104 |
| Virginia State Corporation Commission | 1300 East Main Street | P O BOX 1197 | Richmond | Virginia | 23218 |
| Washington Secretary of State | 801 Capitol Way S | PO Box 40234 | Olympia | Washington | 98504-0234 |

| | | | | |
|---|---|---|---|---|
| Alabama Secretary of State | PO Box 5616 | Montgomery | Alabama | 36103-5616 |
| West Virginia Secretary of State | Bldg. 1, Suite 157-K 1900 Kanawha Blvd. East | Charleston | West Virginia | 25305-0770 |
| Wisconsin Department of Financial Institutions | PO Box 7846 | Madison | Wisconsin | 53707-7847 |
| Wyoming Secretary of State | Capital Building, Room 110 200 W. 24th Street | Cheyenne | Wyoming | 82002-0020 |

EXHIBIT 2

Aalpha Business Services, Inc.
ATTN: Phil Herr
1817 Morena Blvd, Ste A
San Diego, CA 92110

Victims United Against Abuse
9101 West Sahara Avenue
#105-F22
Las Vegas, NV 89117