C. STANLEY HUNTERTON, ESQ.
Nevada Bar No.: 1891
SAMUEL B. BENHAM, ESQ.
Nevada Bar No.: 003677
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-0098
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell an individual,<br><br>Plaintiffs;<br><br>vs.<br><br>Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife,<br><br>Defendants. | Case No.:    2:07-CV-1014<br><br>**MOTION TO DISMISS**<br>**Made Pursuant to FRCP 12(b)(6)** |

COMES NOW Defendants, by and through their attorneys, C. STANLEY HUNTERTON and SAMUEL B. BENHAM, of the law firm of HUNTERTON & ASSOCIATES, and moves this Honorable Court for the following:

## I.    SUMMARY OF ARGUMENT

Plaintiffs First Amended Complaint seeks damages for an alleged violation of 18 U.S.C. §1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Included within the First Amended Complaint are common law state tort claims for defamation, unfair competition, intentional interference with contractual relations and intentional interference with prospective business relationships. Plaintiffs' RICO claim and their common law claims all arise from a single incident

involving the mailing of letters stating that Plaintiff Doug Ansell ("Ansell") was convicted of Producing Child Pornography.

As will be demonstrated below, Plaintiffs' have failed to state a cause of action upon which relief can be granted under 18 U.S.C. §1962(c) or (d). Therefore, Plaintiffs' RICO claim must be dismissed. Furthermore, and absent federal question jurisdiction, Plaintiffs' remaining state law tort claims should be dismissed without prejudice.

## II. LEGAL STANDARD

A district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Upon deciding the motion, the Court must assume the plaintiff's allegations are true and all reasonable inferences must be drawn in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Typically, the district court cannot consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion. *See*, Fed.R.Civ.P. 12(b) ("[When] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. . ."). However, a "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts noticed are not subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

The facts stated herein are taken from two sources – the First Amended Complaint ("FAC") and a Judgment of Conviction (Plea) ("Plea").[1] The Plea was filed

---

[1] A copy of the Plea is attached hereto as Exhibit A.

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

with the Clark County District Court and is therefore within the public record, which may be considered as part of this Motion.[2]

### III. FACTUAL BACKGROUND

Plaintiff Incorp Services, Inc. ("Incorp") is a Nevada business that provides corporate services and acts as a resident agent for numerous other businesses located in Nevada and throughout the United States.[3] Ansell is Incorp's director and president.[4] On July 24, 1998 Ansell entered into an *Alford* plea and was convicted of Possession of Visual Presentation Depicting Sexual Conduct of Person Under Sixteen Years of Age, a felony.[5]

Defendant Nevada State Corporate Network, Inc. ("NSCN") is one of Incorp's competitors.[6] Defendants Graig Zapper ("Zapper") and Susan Miller ("Miller") are officers and directors of NSCN.[7]

Incorp recently discovered that letters had been sent to its customers, business affiliates and state officials stating that Ansell "has been convicted of Producing Child Pornography."[8] The letters were dated on or about July 19, 2007 and appeared to be sent from an organization titled "Victims United Against Abuse" under the signature line of "Dewey, Screwum and Howe."[9] Shortly after learning about the letters, Incorp was able to determine that they had been mailed from NSCN's office.[10] NSCN's alleged purpose of mailing the letters was to damage Incorp's and Ansell's

---

[2] In order to conform to the above standard, the facts stated herein are assumed as true for the purposes of this Motion only. Defendants are not conceding the truth of the facts for any other purpose or motion.
[3] FAC at ¶ 9.
[4] FAC at ¶ 3.
[5] Exhibit A.
[6] FAC at ¶ 10.
[7] FAC at ¶¶ 5-6.
[8] FAC at 11.
[9] Id.
[10] Id.

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

business reputation and to obtain business from the letters' recipients.[11] There are no facts alleged showing the letters contained fraudulent representations intended to influence the recipients to give their money or property to NSCN, Zapper or Miller. As a result of these letters, on July 31, 2007, Incorp and Ansell filed a Complaint against NSCN, Zapper and Miller alleging a violation of 18 U.S.C. §1962(c) and (d) as well as other common law tort claims. On August 1, 2007, Incorp and Ansell filed a First Amended Complaint. Based upon the Plaintiffs' allegations, it is clear their RICO claim is based upon a single event targeting a single person. While the alleged facts might be sufficient to survive a motion to dismiss the state common law tort claims, the alleged facts are not sufficient to survive a motion to dismiss the RICO claim.

## IV.  LEGAL ARGUMENT

"To prevail on a civil RICO claim, a plaintiff must prove the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and . . . (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) *citing* 18 U.S.C. § 1962(c). Although Plaintiffs have failed to properly allege any elements of a civil RICO claim, the most glaring deficiencies in their allegations relate to elements (2), (3) and (4). Each of these elements is addressed below.

### A.  PLAINTIFFS ALLEGATIONS DO NOT SHOW DEFENDANTS ENGAGED IN ANY RACKETEERING ACTIVITY.

The RICO definition of "racketeering activity" includes certain predicate acts which are indictable under Title 18 of the United States Code. 18 U.S.C. § 1961(1). Mail fraud, as prohibited under 18 U.S.C. §1341, is included within the list of

---

[11] Id.

Page 4 of 12

predicate acts. Plaintiffs alleged Defendants violated 18 U.S.C. §1341 when they placed "letters containing false and defamatory language" in the United States mail. Letters containing "false and defamatory language" do not constitute mail fraud.

Mail fraud includes "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Carpenter v. United States*, 484 U.S. 19, 27, 108 S.Ct. 316, 321 (1987). Although mail fraud consists of five elements,[12] at its essence, mail fraud involves an intentional scheme to make false statements to another in order to obtain their money or property. The allegations in the present case do not establish any such scheme.

Even assuming, arguendo, the letters contained false statements about Ansell, that does not mean the letters violated 18 U.S.C. §1341. There are no facts alleged showing the false statements' were intended to illegally obtain money or property from the letters' recipients or Ansell. In fact, the letters did not even contain any solicitations for money or property. The author of the letters was identified as "Dewey, Screwum and Howe," which is a derivative of an age old gag name for a fictional law office.[13] This is hardly the type of signature block that might "reasonably influence" a person to part with their money or property. Yet, intent and influence are elements that must exist to support an indictment for mail fraud.

At worst, and reading the allegations in a light most favorable to Plaintiffs, the letters might support civil actions for damages based upon state common law tort

---

[12] (1) a scheme to obtain money or property by making false statements; (2) defendant's knowledge the statements are false; (3) the false statements would be of the type that would reasonably influence a person to part with their property or money; (4) the defendant had the specific intent to defraud; and, (5) the defendant used the mail to carry out the scheme. *United States v. Marconi*, 899 F.Supp. 458, 461 (C.D.Cal. 1995).

[13] The name appears to be derived from the name "Dewey, Cheatem & Howe" which dates back to the Three Stooges and has been used since that time in both cartoons and by comedians such as Groucho Marx and Johnny Carson.

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

claims, such as the ones alleged by Plaintiffs. However, civil tort claims are not RICO predicate acts. *See, Oscar v. University Students Co-Operative Association*, 965 F.2d 783, 786 (9th Cir. 1992) ("RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff."); *Harris v. City of Seattle*, 315 F.Supp.2d 1112, 1121 (W.D.Wash. 2004) (Even if the alleged "acts amounted to defamation, false light, invasion of privacy, intrusion or outrage, none are predicate acts under RICO. All of Plaintiff's claims are civil allegations, not criminal ones of the sort contained in § 1961(1)."); *Cullen v. Paine Webber Group, Inc.*, 689 F.Supp. 269, 272 FN. 4 (S.D.N.Y. 1988) ("[D]efamation is not a predicate act under RICO."); *Segarra v. Messina*, 153 F.R.D. 22, 28 (N.D.N.Y. 1994) (Common law claims of defamation and libel are not predicate acts under RICO).

### B. PLAINTIFFS' ALLEGATIONS DO NOT SHOW A PATTERN OF RACKETEERING ACTIVITY.

Even assuming, arguendo, Plaintiffs had alleged a viable claim of mail fraud, it still would not matter. Plaintiffs' allegations do not show the existence of a "pattern" of racketeering activity. Rather, Plaintiffs' allegations show nothing more than a one time event directed at a single individual. Such allegations are insufficient to establish a RICO pattern.

A RICO pattern consists of two requirements – a "relatedness" requirement and a "continuity" requirement. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240 (1989). Relatedness is established by showing a relationship between the alleged criminal acts, such as the "same or similar purposes, results, participants, victims, or methods of commission. . . ." *Id. citing* 18 U.S.C. § 3575.

Continuity, on the other hand, is temporal in nature. It "is both a closed- and open-ended concept, referring to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. Close-ended continuity may be demonstrated by alleging "a series of related [predicate acts] extending over a substantial period of time." *Id.* at 242. The present case, which involves a single incident occurring over a short time period, does not fall within the close-ended concept of continuity. Thus, if a pattern exists, it must fall within the definition of open-ended continuity.

Open-ended continuity may be established by demonstrating the predicate acts, although occurring over a short period of time, pose the threat of continuing into the future. *Id.* In the Ninth Circuit, the inquiry is whether the predicate acts are isolated or sporadic. If so, continuity does not exist. *Schreiber v. Sev-Well Funiture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986).

Typically, a single event or scheme, such as the one alleged herein, does not present a sufficient basis to establish open-ended continuity. For example, in *Durning v. Citibank, Intern*, 990 F.2d 1133 (9th Cir. 1993), the defendants, as part of a bond issue, circulated an "Official Statement" that failed to explain certain material facts about the bonds. The bonds' purchasers filed suit alleging, among other things, a RICO violation. The district court dismissed the RICO claim by finding the plaintiffs failed to demonstrate a pattern of racketeering activity. The Ninth Circuit affirmed the district court's dismissal by holding that, under the alleged facts, the case involved an isolated event that did not pose a threat of continued criminal activity. *Id.* at 1139. The Ninth Circuit reasoned as follows:

> The district court determined that while defendants may have performed numerous predicate acts of mail and wire fraud in connection with their initial

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

> dissemination of the Official Statement, the acts did not establish a "pattern." We agree. While defendants may have committed numerous related predicate acts, all of those acts arose from a single, isolated event: the distribution of the misleading Official Statement. Defendants' alleged fraud consists of their dissemination of that one misleading document in conjunction with a single issuance of bonds.

*Id. Accord, Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union*, 302 F.3d 998, 1011 (9th Cir. 2002) (Predicate acts occurring within context of a single labor strike are insufficient to establish a pattern.); *Turner, M.D. v. Cook*, 362 F.3d 1219, 1230-31 (9th Cir. 2004) (Hundreds of letters and facsimiles sent to insurers misrepresenting a court order failed to establish open-ended continuity requirement because the letters would cease upon the collection of the judgment).

In the Ninth Circuit, RICO actions involving a single victim, such as the present case, also typically do not satisfy the open-ended continuity requirement. *See e.g., Sever v. Alaska Pulp Co.*, 978 F.2d 1529, 1525 (9th Cir. 1992) (Upon affirming dismissal of RICO claims, court pointed to importance of fact that "there was but a single victim involved."); *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1365 (9th Cir. 1988) (Decision to dismiss RICO action for failure to establish a pattern not even close when acts involved a single, isolated event and only one victim).

The line of cases in which a single scheme or victim have supported a finding of continuity are clearly distinguishable from the present case. One of the primary cases in this line is *Sun Savings and Loan Association v. Dierdorf*, 825 F.2d 187 (9th Cir. 1987). In *Dierdorf*, the president of the Savings and Loan solicited and received kickbacks from customers for approving their loans. As part of a scheme to conceal his wrongdoing, the president wrote four letters containing false information to the

Internal Revenue Service, the Federal Home Loan Bank Board, and the saving and loan's outside auditors.

Under the above facts, the Ninth Circuit did not find the president's actions to be isolated or sporadic. Rather, the threat of continued activity was found to exist because the four predicate acts "covered up a whole series of alleged kickbacks and receipt of favors, occurred over several months, and in no way completed the criminal scheme." *Id.* at 194. Unlike *Dierdorf*, the mailing of the letters in the present case was nothing more than a one time, isolated event. There was no underlying criminal scheme nor is it alleged that the mailings occurred over several months.

To summarize, the alleged facts of the present case show the mailing to be an isolated event involving only the Defendants. The letters were dated July 19, 2007, and the present lawsuit was filed on July 31, 2007. These alleged facts are not the type of facts that would establish an open-end pattern of racketeering activity. As such, Plaintiffs' RICO cause of action must be dismissed.

### C.   PLAINTIFFS HAVE FAILED TO ALLEGE A RICO ENTERPRISE.

In a RICO action brought pursuant to §1962(c), "a corporate defendant cannot be both the RICO person and the RICO enterprise." *Sever v. Alaska Pulp Corporation*, 978 F.2d 1529, 1534 (9th Cir. 1992). In the present action, Plaintiffs have alleged all Defendants constitute the enterprise. Plaintiffs' allegations fail to make any distinctions between the "persons" and the "enterprise". Absent such alleged distinctions, Plaintiffs' §1962(c) RICO cause of action is fatally flawed and must be dismissed.

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

Page 9 of 12

**D.  BECAUSE PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION UNDER §1962(c), PLAINTIFFS' §1962(d) CAUSE OF ACTION MUST BE DISMISSED AS WELL.**

Plaintiffs also allege that Defendants violated 18 U.S.C. §1962(d).[14] However, Plaintiffs' failure to state a claim under §1962(c) is fatal to their §1962(d) claim. *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Therefore, Plaintiffs' §1962(d) cause of action must be dismissed.

**E.  ABSENT FEDERAL QUESTION JURISDICTION UNDER 18 U.S.C. §§1962(c) AND (d), PLAINTIFFS' STATE COMMON LAW TORT CLAIMS MUST BE DISMISSED.**

Federal jurisdiction over this matter is based on Plaintiffs' RICO cause of action. As demonstrated above, Plaintiffs have failed to state a claim under either §1962(c) or §1962(d). Thus, upon the dismissal of the RICO causes of action pursuant to Rule 12(b)(6), the state common law tort claims may be dismissed without prejudice. *Skysign International, Inc. v. City and County of Honolulu*, 276 F.3d 1109, 1113 (9th Cir. 2002). Defendants would therefore request that upon the dismissal of Plaintiffs' federal RICO claims, Plaintiffs' state claims be dismissed as well.

**V.  SUMMARY**

Plaintiffs are seeking to turn state court common law claims for defamation, unfair business practices, and tortious interference into federal RICO claims. Plaintiffs have failed to allege the violation of any predicate acts, a pattern of racketeering activity or the existence of an enterprise. Rather, the allegations in Plaintiffs' Second Amended Complaint clearly show their damages, if any, were caused by a one time event – the mailing of an anonymous letter containing allegedly defamatory statements about Ansell.

---

[14] 18 U.S.C. §1962(d) states: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

HUNTERTON & ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

Plaintiffs do not allege Defendants mailed the letters with the requisite criminal intent that must exist before a violation of 18 U.S.C § 1341 can be found. Instead, Plaintiffs allege only that the letters contained "false and defamatory language" and that the letters were mailed "for the purpose of damaging Incorp and Ansell's business reputation and obtaining business from the Recipients." FAC at ¶ 11. Thus, and according to Plaintiffs' allegations, neither the letters' content nor its purpose would support an indictment for mail fraud.

Based upon the foregoing arguments, Defendants would respectfully request that Count I of Plaintiffs' First Amended Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and that Counts II through V be dismissed without prejudice.

DATED this 13th day of September, 2007.

HUNTERTON & ASSOCIATES

By: _s/s_____
SAMUEL B. BENHAM, ESQ.
Nevada Bar No.: 003677
333 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-0098
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, Samuel B. Benham, served a copy of the Motion to Dismiss, this 13th day of September, 2007 by the following method:

**ELECTRONIC CASE FILING**

Anthony B. Golden, Esq. (NV Bar No. 9563)
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101

HUNTERTON
&
ASSOCIATES
ATTORNEYS AT LAW
333 South Sixth Street
Las Vegas, NV 89101
(702) 388-0098

# Exhibit A

ORIGINAL

```
 1  JOCP
    STEWART L. BELL
 2  DISTRICT ATTORNEY                        FILED
    Nevada Bar #000477
 3  200 S. Third Street                  JUL 24  9 50 AM '98
    Las Vegas, Nevada 89155
 4  (702) 455-4711
 5  Attorney for Plaintiff
```

16

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

       Plaintiff,

-vs-

DOUGLAS BARRY ANSELL,
#1359535

       Defendant.

Case No.   C149438
Dept. No.  XII
Docket     R

## JUDGMENT OF CONVICTION (PLEA)

WHEREAS, on the 9th day of April, 1998, the Defendant DOUGLAS BARRY ANSELL, appeared before the Court herein with his counsel and entered a plea of guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to the crime(s) of **POSSESSION OF VISUAL PRESENTATION DEPICTING SEXUAL CONDUCT OF PERSON UNDER SIXTEEN YEARS OF AGE (Category B Felony)**, committed on or about January 27, 1998, in violation of NRS 200.700, 200.730 and

WHEREAS, thereafter on the 7th day of July, 1998, the Defendant being present in court with his counsel PETER FLANGAS, ESQ., and THOMAS J. MOREO, Chief Deputy District Attorney, also being present; the above entitled Court did adjudge the Defendant guilty thereof by reason of his Alford, plea of guilty and, in addition to the $25.00 Administrative Assessment Fee, sentenced Defendant to a MINIMUM of SIXTEEN (16) MONTHS and a MAXIMUM of FORTY (40) MONTHS; sentence is SUSPENDED and the Defendant is placed on PROBATION for an indeterminate period not to exceed THREE (3) YEARS with the following

JUL 28 1998

CE31

CONDITIONS:

1. Search clause/child pornography and child pornography software on the Internet.
2. Enter and complete sex offender counseling program, as deemed necessary by the Division of Parole and Probation.
3. Complete 16 hours of community service work each month of the term of probation not to exceed the provisions of NRS 176.087.
4. Pay counseling fees for the victim.
5. Defendant have no contact whatsoever with the victim and no contact with anyone of the opposite sex under sixteen (16) years of age during the term of probation.
6. Pay a fine of $2,500.00.
7. Pay $925.00 for the cost of the psychosexual examination.
8. Defendant will submit to blood and/or saliva tests under the direction of the Division of Parole and Probation to determine genetic markers and/or secretor status.

THEREFORE, the Clerk of the above entitled Court is hereby directed to enter this Judgment of Conviction as part of the record in the above entitled matter.

DATED this 23rd day of July, 1998, in the City of Las Vegas, County of Clark, State of Nevada.

_____
DISTRICT JUDGE

DA#98149438X/gmr
LVMPD EV#9801091002
POSS VIS PRE DEP SEX COND
PER U/16 - F
(TK7)