FENNEMORE CRAIG, P.C.
A. Bates Butler III, Esq. (ASBN 002417)
*Admitted pro hac vice*
One S. Church Ave., Suite 1000
Tucson, Arizona 85701
Telephone: (520) 879-6800
Email: bbutler@fclaw.com

Anthony B. Golden, Esq. (NV Bar No. 9563)
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Email: agolden@fclaw.com

Attorneys for Plaintiffs Incorp Services, Inc. and
Doug Ansell

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife,<br><br>Defendants. | NO.: 2:07-CV-1014 – KJD-PAL<br><br>**SECOND AMENDED**<br><br>**I. COMPLAINT UNDER R.I.C.O. ACT § 1962(c), (d); UNFAIR COMPETITION; DEFAMATION; AND TORTIOUS INTERFERENCE**<br><br>**II. APPLICATION FOR INJUNCTIVE RELIEF** |

Plaintiffs Incorp Services, Inc. ("Incorp") and Doug Ansell ("Ansell") allege for their First Amended Complaint as follows:

### JURISDICTION AND VENUE

This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964. This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1. Venue is proper under 28 U.S.C. § 1391.

## COUNT I
### (Racketeer Influenced Corrupt Organizations Act Claim
### 18 U.S.C. § 1962(c) and (d))

2.   Incorp:  (i) is a Nevada corporation; (ii) has its principal place of business in Nevada; and (iii) is duly authorized to conduct business in Nevada.

3.   Doug Ansell ("Ansell"):  (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of Incorp.

4.   Defendant Nevada State Corporate Network, Inc. ("NSCN"):  (i) is a Nevada corporation, with its principal place of business in Clark County, Nevada; and (ii) has caused an event to occur in Las Vegas, Nevada and elsewhere, out of which this complaint arises.

5.   Defendant Susan Miller ("Miller"):  (i) is a citizen and/or resident of the State of Nevada, County of Clark; and (ii) is an officer and director of NSCN.

6.   Defendant Graig Zapper ("Zapper"):  (i) is a citizen and/or resident of the State of Nevada; and (ii) is an officer and director of NSCN.

7.   Defendants Miller and Zapper are husband and wife, and at all times pertinent hereto, Defendants Miller and Zapper were acting for and on behalf of the marital community made up of Defendants Miller and Zapper.

8.   NSCN, Miller and Zapper are referred to collectively as the "NSCN Defendants."

9.   Incorp is a corporate service and resident agent company that provides services for its customers in Nevada and elsewhere in the United States ("U.S.").

10. NSCN is a competitor of Incorp.

11. The NSCN Defendants devised, and engaged in the following scheme or artifice (the "Scheme") to defraud Incorp and/or its customers and its business affiliates, for the purpose of obtaining money from Incorp and/or its customers and its business affiliates by means of false or fraudulent pretenses or representations and for the purpose of executing such Scheme or attempting to do so placed or caused to be placed with the U.S. Postal Service letters containing false and defamatory language in violation of 18 U.S.C. § 1341

1   (mail fraud) and transmitted or caused to be transmitted by telephone (wire) facsimile said

2   Letters to recipients in multiple states throughout the U.S. in violation of 18 U.S.C. § 1343

3   (wire fraud):

4   (a) NSCN, by and through its officers, directors, employees and agents, authored,

5   mailed, and transmitted by telephone (wire) facsimile to the customers and business

6   affiliates of Incorp and to certain public officials, including but not limited to those public

7   officials listed in Exhibit "1" attached hereto, (collectively, the "Recipients") a series of

8   letters and other written correspondence (collectively, the "Letters") using an alias or

9   fictitious name, including without limitation "Victims United Against Abuse" and

10   "Dewey, Screwum and Howe" for the purpose of conducting, promoting or carrying on by

11   means of the U.S. Postal Service and telephone (wire) facsimile the Scheme to defraud set

12   out above in violation of 18 U.S.C. §§ 1341, 1342, and 1343;

13   (b) The Letters make false and fraudulent representations that Ansell "has been

14   convicted of Producing Child Pornography," which are defamatory per se;

15   (c) The NSCN Defendants created and circulated the Letters for the purpose of

16   damaging Incorp and Ansell's business reputation and obtaining business from the

17   Recipients;

18   (d) The Letters were (i) placed by NSCN with the U.S. Postal Service in Nevada for

19   delivery to the Recipients in numerous U.S. states, and (ii) delivered by the U.S. Postal

20   Service from NSCN in Nevada to each of the Recipients in the U.S, and (iii) transmitted

21   via telephone (wire) facsimile to Recipients throughout the U.S.  A true and correct copy

22   of an envelope used to send the Letters via the U.S. Postal Service is attached as Exhibit

23   "2."

24   12. The Letters were created by or for NSCN, and mailed and transmitted via

25   telephone (wire) facsimile to the Recipients, with the knowledge, assistance and approval

26   of NSCN, Miller and Zapper.

27   13. As a result of the Scheme set forth above, some of the Recipients have been

28   induced to terminate their relationship with Incorp.

FENNEMORE CRAIG, P.C.
LAS VEGAS

11122/22245.003

- 3 -

14. The NSCN Defendants are an "enterprise" as defined in 18 U.S.C. § 1961(4).

15. The actions of the NSCN Defendants set out above constitute "racketeering activity" as defined in 18 U.S.C. § 1961(1).

16. The actions of the NSCN Defendants set out above constitute a continuous "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

17. The NSCN Defendants, by their conduct set out above (i) knowingly used the U.S. Postal Service in interstate commerce to execute and/or in furtherance of the Scheme, (ii) knowingly transmitted via telephone (wire) facsimile to multiple Recipients in interstate commerce to execute and/or in furtherance of the Scheme, and (iii) had the specific intent to defraud Incorp, Ansell and the Recipients.

18. Incorp and Ansell have each sustained damage as a direct result of the Scheme in an amount to be proven at trial.

19. The damage sustained by Incorp and Ansell was reasonably foreseeable by NSCN Defendants.

20. As a result of the actions set out above, NSCN, Miller and Zapper are liable, jointly and severally, under 18 U.S.C. § 1962(c) and (d) for all of the damage sustained by Incorp and Ansell as a result of the Scheme.

21. Pursuant to 18 U.S.C. § 1964(c), Incorp and Ansell are entitled to recover from the defendants "threefold the [amount] of damages that Incorp and Ansell have sustained, and the costs of [this action], including a reasonable attorney's fee."

22. Incorp and Ansell are informed and believe that (i) there have been no criminal convictions for any part of the Scheme, and (ii) there has been no prior civil litigation for any part of the Scheme.

23. It has been necessary for Incorp and Ansell to retain the services of an attorney, and Incorp and Ansell are entitled under 18 U.S.C. § 1964(c) to recover their reasonable attorneys' fees and costs incurred.

### COUNT II
### (Unfair Competition)

24. All allegations set forth above are incorporated herein.

25. On information and belief, NSCN, Miller and Zapper unfairly used, and continue to unfairly use, Incorp's confidential information and trade secrets, including but not limited to, names, addresses, and telephone (wire) facsimile numbers of Incorp customers and affiliates, to divert or attempt to divert Incorp's business relationships, expectancies and opportunities to benefit themselves to the detriment of Incorp, which confidential information was obtained from former employees of Incorp now in the employ of NSCN.

26. By mailing the Letters using the U.S. Postal service and by transmitting the Letters by telephone (wire) facsimile, which Letters contain fraudulent representations and defamatory statements, as part of the Scheme, the NSCN Defendants have engaged in unfair competition.

27. These improper actions have caused (i) NSCN, Miller and Zapper to unfairly obtain business gains at the expense of Incorp, and (ii) Incorp customers to divert business to NSCN.

28. The NSCN Defendants' actions constitute unfair competition.

29. The NSCN Defendants' actions are and were unfair and wrongful, and are being and were (i) calculated to injure Incorp and Ansell in the marketplace, and (ii) done with the intent of damaging Incorp and Ansell's business interests.

30. Incorp and Ansell have suffered damages in an amount to be proven at trial, as a proximate and direct result of the NSCN Defendants' wrongful conduct.

31. The NSCN Defendants' conduct has caused and will continue to cause irreparable injury to Incorp and Ansell, their business reputations and their goodwill.

32. Incorp and Ansell have no adequate remedy at law.

33. Incorp and Ansell have been irreparably harmed and will suffer immediate and irreparable injury, loss or damage unless and until the NSCN Defendants are preliminarily and permanently enjoined from obtaining, retaining, or using any Incorp confidential information or trade secrets and from using the U.S. Postal Service, telephone (wire) facsimile, or any other means to distribute and/or publish any false or fictitious information about Incorp or Ansell as described in the Letters above.

FENNEMORE CRAIG, P.C.
LAS VEGAS

11122/22245.003

1  34. The NSCN Defendants' conduct was gross, wanton, malicious, oppressive and

2  showed spite, ill will, and reckless indifference to the interests of others.  As a result, the

3  NSCN Defendants are liable for punitive damages.

4  35. It has been necessary for Incorp and Ansell to retain the services of an attorney,

5  and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs

6  incurred.

7  **COUNT III**<br>**(Defamation)**

8  36. All allegations set forth above are incorporated herein.

9
   37. The statements in the Letters described above, willfully, maliciously and

10  purposefully published by the NCSN Defendants, were false, libelous and defamatory per

11  se (the "Defamatory Statements"), and were published for the sole purpose of defaming,

12  embarrassing, humiliating, and causing other damage and injury to Incorp and Ansell.

13  38. The NSCN Defendants published the Defamatory Statements knowing that they

14  were untrue, or recklessly disregarded the Defamatory Statements' falsity.

15  39. In publishing the Defamatory Statements, the NSCN Defendants acted with

16  malice toward Incorp and Ansell.

17  40. The NSCN Defendants intended that the Defamatory Statements be published and

18  did publish the Defamatory Statements to third parties, including but not limited to, the

19  Recipients.

20  41. The Defamatory Statements were calculated to cause, and did cause, great injury

21  to Incorp and Ansell's reputation including, but not limited to, damage to prospective

22  business relations, humiliation and embarrassment.

23  42. It has been necessary for Incorp and Ansell to retain the services of an attorney,

24  and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs

25  incurred.

26  **COUNT IV**<br>**(Intentional Interference with Contractual Relations)**

27  43. All allegations set forth above are incorporated herein

28

FENNEMORE CRAIG, P.C.
LAS VEGAS

11122/22245.003

1    44. Incorp had contracts with several customers and business affiliates.

2    45. The NSCN Defendants knew of these contracts.

3    46. The NSCN Defendants intentionally interfered and disrupted these contracts by

4    mailing the Letters and by making the Defamatory Statements to Incorp's customers and

5    business affiliates.

6

7    47. As a direct and proximate cause of NSCN Defendants' intentional interference

8    with contracts between Incorp and its customers and business affiliates, Incorp has been

9    damaged in an amount to be determined at trial, plus interest thereon.

10    48. It has been necessary for Incorp and Ansell to retain the services of an attorney,

11    and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs

12    incurred.

### COUNT V
### (Intentional Interference with Prospective Business Advantage)

13

14    49. All allegations set forth above are incorporated herein.

15    50. Incorp and Ansell had ongoing business relationships with numerous customers

16    and business affiliates throughout the U.S., which would have led to additional business

17    for Incorp and Ansell.

18    51. The NSCN Defendants knew of these business relationships.

19    52. The NSCN Defendants intended to interfere with these business relationships by

20    engaging in the Scheme to defraud set forth above and by making the Defamatory

21    Statements.

22    53. None of the NSCN Defendants had the privilege or justification to engage in the

23    acts herein described.

24    54. As a direct and proximate cause of the NSCN Defendants' intentional

25    interference with the prospective business advantage of Incorp and Ansell, Incorp and

26    Ansell have been damaged in an amount to be determined at trial, plus interest thereon.

27    55. It has been necessary for Incorp and Ansell to retain the services of an attorney,

28    and Incorp and Ansell are entitled to recover their reasonable attorneys' fees and costs

FENNEMORE CRAIG, P.C.
LAS VEGAS
11122/22245.003

- 7 -

incurred.

## **DEMAND FOR RELIEF**

WHEREFORE, Incorp and Ansell demand judgment against Defendants, jointly and severally, as follows:

1.   For damages in an amount to be proven at trial, plus interest thereon;

2.   For treble damages pursuant to 18 U.S.C. § 1964(c);

3.   For punitive damages in an amount that would punish Defendants for their willful and wanton conduct and to deter Defendants from future unlawful conduct;

4.   For preliminary and permanent injunctive relief preventing Defendants from directly or indirectly using Incorp's confidential information and trade secrets, including but not limited to, names and addresses of Incorp customers and affiliates, which information is confidential and a trade secret, for competitive purposes and to further Defendants' Scheme;

5.   For preliminary and permanent injunctive relief preventing Defendants from using the U.S. Postal Service or any other means to distribute and/or publish any false or fictitious information about Incorp or Ansell as described in the Letters;

6.   For Incorp and Ansell's attorneys' fees and costs incurred; and

///

7. For all other legal and equitable relief to which Incorp and/or Ansell is entitled.

DATED this 5th day of October, 2007.

FENNEMORE CRAIG, P.C.

By /s/ *Anthony B. Golden*
    Anthony B. Golden, Esq. - #9563
    300 S. Fourth Street, Suite 1400
    Las Vegas, Nevada  89101
    702.692.8000

    and

    A. Bates Butler III, Esq.
    One S. Church Ave., Suite 1000
    Tucson, Arizona  85701

Attorneys for Incorp Services, Inc. and
Doug Ansell

FENNEMORE CRAIG, P.C.
LAS VEGAS

11122/22245.003

- 9 -