FENNEMORE CRAIG, P.C.
A. Bates Butler III (AZ BAR No. 002417)
*Admitted pro hac vice*
One S. Church Avenue
Suite 1000
Tucson, Arizona 85701
Telephone: (520) 879-6800
Email: bbutler@fclaw.com

Anthony B. Golden (NV Bar No. 9563)
300 South Fourth Street
Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Email: agolden@fclaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife,<br><br>Defendants. | Case No. 2:07-CV-01014-KJD-PAL<br><br>**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CIVIL CONTEMPT AND MOTION FOR SANCTIONS** |

Plaintiffs Incorp Services, Inc ("Incorp") and Doug Ansell ("Ansell") move for an order to show cause why Defendant Graig Zapper ("Zapper"), should not be held in contempt of Court for his failure to obey the Court's August 31, 2007 Order ("Order").

In summer 2007 Defendants faxed and mailed letters to public officials and Incorp's business affiliates. The letters, in part, falsely stated that Ansell "has been convicted of Producing Child Pornography" and urged the recipient to cease doing business with, or to investigate, Incorp. After Incorp and Ansell learned of the letters, they filed this suit for damages. On August 31, 2007, the Court ordered that defendants "shall not publish, distribute, send or otherwise disseminate or make public the letters

(and any information concerning Plaintiffs contained therein) . . . or any other writing concerning the same or similar information alleged about Plaintiffs, to any person or entity during the pendency of the instant lawsuit." Despite the Order, which was stipulated to by Defendants, Zapper has continued to publish and distribute information contained in the letters. Accordingly, Incorp and Ansell respectfully request the Court grant relief including:

1. Issue an Order to Show Cause why Zapper should not be held in contempt of Court for his willful refusal to comply with the Court's Order.

2. Find Zapper in civil contempt of Court.

3. Enter civil contempt sanctions against Zapper in an amount sufficient to deter future similar conduct, which are to be awarded to the Court.

4. Award Ansell and Incorp their attorney fees incurred because of Zapper's actions in contempt of Court.

Ansell and Incorp support this motion by the accompanying Memorandum of Points and Authorities, the affidavit of Cort Christie, attached as Exhibit 1, and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   OVERVIEW**

Incorp and defendant Nevada State Corporate Network, Inc. ("NSCN") both provide national registered agent services and are competitors. Ansell is formerly an officer and director of Incorp, and Zapper is an officer and director of NSCN. On or about July 25, 2007, Incorp and Ansell learned that letters ("Letters") were sent to the California Secretary of State and to one of Incorp's business affiliates in Nevada. The Letters purportedly came from an organization called "Victims United Against Abuse," and were signed by "Dewey, Screwum and Howe." The Letters falsely state that Ansell had "been convicted of Producing Child Pornography," and urged the recipient to cease doing business with, or to investigate, Incorp. Incorp and Ansell later learned that similar letters were sent to many of its business affiliates throughout the country, and to secretaries of state or other state officials throughout the United States. Incorp and Ansell

determined that the Letters were sent from NSCN's mail room. Authentic copies of the Letters were filed with the Court under seal pursuant to an August 15, 2007 order.

Incorp and Ansell brought this suit and, in part, alleged that they suffered damages as a result of the Letters. On August 27, 2007, Incorp and Ansell filed an application for a preliminary injunction that sought to prevent the defendants from distributing and/or publishing any of the false information about Incorp or Ansell described in the Letters. Before the hearing on the application for a preliminary injunction, all parties stipulated to the entry of a preliminary injunction. A copy of the Court's order on the stipulated injunction is attached hereto as Exhibit 2. The Court ordered that the Defendants

> shall not publish, distribute, send or otherwise disseminate or make public the letters (and any information concerning Plaintiffs contained therein) that are the subject of Plaintiffs' Application for Preliminary Injunction . . . or any other writing concerning the same or similar information alleged about Plaintiffs, to any person or entity during the pendency of the instant lawsuit, including any appeal of a final judgment.

Despite the Order, Zapper has continued to publish and distribute the information contained in the Letters about Incorp and Ansell. Specifically, in May 2008, Zapper attended the Money Show, a conference in Las Vegas about managing financial investments. At that conference, Zapper spoke with Cort Christie, the Founder of Nevada Corporate Headquarters, Inc. Zapper discussed this lawsuit with Mr. Christie and stated that while he had not personally sent the Letters, the contents of the Letter were true, and that Ansell had been convicted of producing child pornography. *See* Exhibit 1, Affidavit of Cort Christie.

## II. DEFENDANTS SHOULD BE HELD IN CIVIL CONTEMPT OF THIS COURT FOR WILLFULLY VIOLATING THE COURT'S ORDER.

The Court has the "inherent power to enforce compliance with [its] lawful orders through civil contempt."[1] *Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16

---

[1] Nevada similarly by statute permits a court to find a party in contempt of court for "[d]isobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers." NRS 22.010(3).

FENNEMORE CRAIG, P.C.
LAS VEGAS

5239473

- 3 -

L.Ed.2d 622 (1966)). The party moving for civil contempt "must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982)). While the contempt need not be willful, "a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* at 695.

Here, the Court ordered Zapper to not publish, distribute, send or otherwise disseminate or make public the Letters and any information concerning Incorp and Ansell contained therein. Despite this, Zapper has made public and published the Letters and the information contained in them by describing the Letters and their contents to Mr. Christie. In fact, Zapper not only made this information public, he told Mr. Christie that the information contained in the Letters was true. There is no legitimate reason for Zapper to be able to claim a good faith basis for violating the Order. Accordingly, the Court should hold Zapper in civil contempt.

### III. THE COURT SHOULD ENTER CONTEMPT SANCTIONS AGAINST ZAPPER.

A court may impose civil contempt sanctions "to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy." *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400-01 (11th Cir 1989). A trial court's ability to award sanctions to the opposing party, however, is limited by that party's actual loss. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366-67 (9th Cir. 1987). A trial court may also award the party moving for contempt its attorney fees. *Id.*

Zapper violated this Court's order in an attempt to injure Ansell and Incorp, a competitor to his business. Specifically, he accused Ansell of being convicted of producing child pornography, which is a serious criminal offense. Incorp and Ansell lost revenue and business opportunities as a result of defendants' Letters and accusations, and

have hired an expert to assess the extent of the damages caused by Defendants. While it is too soon to calculate the damages suffered by Incorp and Ansell as a result of the Zapper's most recent actions, it is likely that Incorp and Ansell will lose additional revenue. Incorp and Ansell, however, only ask that the Court enter contempt sanctions against Zapper in an amount sufficient to coerce compliance with the Order, and that those sanctions be awarded to the Court. Additionally, Incorp and Ansell ask that the Court award them their attorney fees incurred as a result of Zapper's contemptuous actions.

## IV. CONCLUSION

Due to Zapper's willful refusal to obey the Court's Order, Incorp and Ansell request that the Court issue an Order to Show Cause why Zapper should not be held in contempt of Court for his willful refusal to comply with the Court's Order and grant the relief requested. A proposed Order to Show Cause is attached hereto as Exhibit 3.

DATED this 14th day of July, 2008.

FENNEMORE CRAIG, P.C.

By: */s/ Anthony B. Golden*
A. Bates Butler III (AZ Bar No. 002417)
*Admitted pro hac vice*
Anthony B. Golden (NV Bar No. 9563)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada  89101
(702) 692-8000
Attorneys for Plaintiffs
INCORP SERVICES, INC. and DOUG ANSELL

FENNEMORE CRAIG, P.C.
LAS VEGAS

5239473

# EXHIBIT 1

FENNEMORE CRAIG, P.C.
A. Bates Butler III (AZ BAR No. 002417)
*Admitted pro hac vice*
One S. Church Avenue
Suite 1000
Tucson, Arizona 85701
Telephone: (520) 879-6800
Email: bbutler@fclaw.com

Anthony B. Golden (NV Bar No. 9563)
300 South Fourth Street
Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Email: agolden@fclaw.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell, an individual, | Case No. 2:07-CV-01014-KJD-PAL |
| Plaintiffs, | **AFFIDAVIT OF CORT W. CHRISTIE** |
| v. | |
| Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife, | |
| Defendants. | |

STATE OF NEVADA       )
                     ) ss.
County of Washoe     )

Cort W. Christie, being duly sworn upon my oath, states as follows:

1.  I make this affidavit on my own personal knowledge.

2.  I am the founder of Nevada Corporate Headquarters, Inc., a Nevada corporation.

3.  In May 2008, I attended the "Money Show," a conference in Las Vegas, Nevada about managing financial investments.

4.  While at the conference, I spoke with Graig Zapper ("Zapper"), officer and

1  director of the Nevada State Corporate Network ("NSCN").

2  5.    Graig Zapper raised the subject of Incorp Services, Inc ("Incorp") and Doug
3  Ansell ("Ansell").

4  6.    Zapper stated that Ansell and Incorp sued him because a NSCN employee
5  sent letters that accused Ansell of being convicted of producing child pornography.

6  7.    Zapper told me that while he did not personally write the letters, that Ansell
7  was in fact convicted of producing child pornography and that Ansell has a felony.

8  8.    Zapper also told me that the content of the letters the NSCN employee sent
9  out were true.

DATED this 14th day of July, 2008.

_____
Cort W. Christie

SUBSCRIBED AND SWORN TO before me this 14 day of June, 2008, by Cort W. Christie, the Founder of Nevada Corporate Headquarters, Inc., a Nevada corporation, on behalf of the corporation.

_____
Judy G. Corchero
Notary Public

My Commission Expires:
NOVEMBER 14, 2008

JUDY G. CORCHERO
Notary Public - State of Nevada
Appointment Number 00-66007-2
My Appt. Expires Nov. 14, 2008

FENNEMORE CRAIG, P.C.
LAS VEGAS

TUX/SDMCDONA/5239481.1/22245.003

- 0 -

# EXHIBIT 2

1  FENNEMORE CRAIG, P.C.
   A. Bates Butler III (AZ BAR No. 002417)
2  *Application for admission pro hac vice pending*
   One S. Church Avenue
3  Suite 1000
   Tucson, Arizona 85701
4  Telephone: (520) 879-6800
   Email: bbutler@fclaw.com
5
   Anthony B. Golden (NV Bar No. 9563)
6  300 South Fourth Street
   Suite 1400
7  Las Vegas, Nevada 89101
   Telephone: (702) 692-8000
8  Email: agolden@fclaw.com

9  Attorneys for Plaintiffs INCORP SERVICES,
   INC. and DOUG ANSELL
10

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Incorp Services, Inc., a Nevada corporation; and Doug Ansell, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada State Corporate Network, Inc., a Nevada corporation; Susan Miller and Graig Zapper, husband and wife,<br><br>Defendants. | Case No. 2:07-CV-01014-KJD-PAL<br><br>**STIPULATION ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND TO VACATE HEARING ON SAME** |

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs INCORP SERVICES, INC. and DOUG ANSELL (collectively, "Plaintiffs"), and Defendants NEVADA STATE CORPORATE NETWORK, INC., SUSAN MILLER, and GRAIG ZAPPER (collectively, "Defendants"), through their respective counsel, that Defendants, and each of them, shall not publish, distribute, send or otherwise disseminate or make public the letters (and any information concerning Plaintiffs contained therein) that are the subject of Plaintiffs' Application for Preliminary Injunction, and which have been filed

FENNEMORE CRAIG, P.C.
LAS VEGAS

9853/22245.003

1  with the Court under seal (the "Letters"), or any other writing concerning the same or similar information alleged about Plaintiffs, to any person or entity during the pendency of the instant lawsuit, including any appeal of a final judgment.

IT IS FURTHER STIPULATED AND AGREED that this stipulation is not to be construed as an admission by Defendants of liability for the mailing or publication of the Letters or their contents.

IT IS FURTHER STIPULATED AND AGREED that the hearing on Plaintiffs' Application for Preliminary Injunction, set for September 5, 2007 at 9:00 a.m., shall be vacated.

DATED this 31st day of August, 2007.

FENNEMORE CRAIG, P.C.                    HUNTERTON & ASSOC.

By:  /s/ Anthony B. Golden               By:  /s/ Samuel B. Benham
A. Bates Butler III (AZ Bar No. 002417)       Samuel B. Benham (NV Bar No. 3677)
Anthony B. Golden (NV Bar No. 9563)           333 South Sixth Street
300 South Fourth Street, Suite 1400           Las Vegas, Nevada 89101
Las Vegas, Nevada 89101
(702) 692-8000                                Attorneys for Defendants
                                              NEVADA STATE CORPORATE
Attorneys for Plaintiffs                      NETWORK, INC, SUSAN MILLER,
INCORP SERVICES, INC. and DOUG                and GRAIG ZAPPER
ANSELL

## ORDER

IT IS SO ORDERED.

DATED and DONE this 31st day of AUGUST, 2007.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3