1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

INCORP SERVICES, INC., *et al.*,

    Plaintiffs,

v.

NEVADA STATE CORPORATE
NETWORK, INC., *et al.*,

    Defendants.

Case No. 2:07-CV-001014-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#30).  Plaintiffs filed a response in opposition (#32), to which Defendants replied (#35).

**I.  Facts**

    Plaintiffs allege that on or about July 19, 2007, Defendants, using the alias or fictitious name "Victims United Against Abuse", sent false and defamatory letters to Plaintiffs' customers, business affiliates and state officials.  The letters were sent out using the pseudonym of "Dewey, Screwum and Howe" and state that Plaintiff Ansell "has been convicted of Producing Child Pornography."[1]  Plaintiffs assert that this was a fraudulent representation intended to damage Plaintiffs' business

---

[1]Defendants have filed, as an exhibit to their Motion to Dismiss,  a Judgment of Conviction from the District Court of Clark County, Nevada, against Douglas Barry Ansell for Possession of Visual Presentation Depicting Sexual Conduct of Person Under Sixteen Years Of Age.

1   reputation and to obtain business from the recipients.

2       Plaintiff's Second Amended Complaint (#36) sets forth five causes of action, consisting of a

3   federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and various state law

4   tort claims .

5       Defendants seek to dismiss Plaintiffs' RICO cause of action for failure to state a claim

6   pursuant to Rule 12(b)(6), and to dismiss the remaining claims for lack of subject matter jurisdiction.

7   **II.  Legal Standard for a Motion to Dismiss**

8       A district court dismisses a complaint if it fails to state a claim upon which relief can be

9   granted. Fed.R.Civ.P. 12(b)(6).  Upon reviewing the motion, the Court "must construe the complaint

10  in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as

11  true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  Review is limited to the contents

12  of the complaint, and typically, a consideration of matters outside the pleadings is proscribed when

13  ruling on a Rule 12(b)(6) motion.  See Fed.R.Civ.P.12(b); Sprewell v. Golden State Warriors, 231

14  F.3d 520, 527 (9th Cir. 2000).  However, the Court is not required to accept allegations as true if they

15  are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Id. at 527-528.

16  Moreover, a "court may take judicial notice of matters of public record without converting a motion

17  to dismiss into a motion for summary judgment as long as the facts noticed are not subject to

18  reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  A dismissal

19  may be granted without an appearance, beyond a doubt, that plaintiff can prove no set of facts in

20  support of claim that would entitle him to relief, although once a claim has been stated adequately,

21  the factual allegations must be enough to raise a right to relief above a speculative level on the

22  assumption that all of the complaint's allegations are true.  See Bell Atl. Corp. v. Twombly, 127

23  S.Ct. 1955, 1968 (2007).

24  **III.  Analysis**

25      In Count I, Plaintiffs assert a RICO claim under 18 U.S.C. § 1962(c) and (d), based on

26  predicate acts of mail and wire fraud.  Plaintiffs allege that Defendants devised and engaged in a

1    scheme or artifice to defraud Plaintiffs and/or its customers and its business affiliates by means of

2    sending out letters containing false or fraudulent pretenses or representations intended to damage

3    Plaintiff's business reputation and obtain business from the recipients.

4        In order to hold a defendant liable under RICO, a plaintiff must demonstrate that the

5    defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

6    activity," and (5) that such a conduct has caused injury to the plaintiff's business or property. 18

7    U.S.C. § 1962(c). Defendants challenge the sufficiency of Plaintiff's allegations of RICO elements,

8    specifically the elements of "enterprise," "pattern," and "racketeering activity," arguing that Count I

9    should be dismissed pursuant to Rule 12(b)(6).

10       **Racketeering activity**.

11       Racketeering activity is "any act 'indictable' under numerous specific federal criminal

12   provisions, including mail and wire fraud." Sedima, 473 U.S. at 481.  Libel and slander are not

13   indictable acts.  When a RICO claim includes mail fraud as the "racketeering activity," a plaintiff

14   must establish that the defendant "(1) devised a scheme or artifice to defraud, (2) used the mails in

15   furtherance of the scheme, and (3) did so with the specific intent to deceive or defraud." Sun Sav. &

16   Loan Ass'n v. Dierdorff, 825 F.2d 187, 195 (9th Cir. 1987) (citing Schreiber Distrib. Co. v. Serv-

17   Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986)).  Plaintiffs have made insufficient

18   allegations of elements of mail fraud. The letters do not request that money or property be sent to

19   Defendants. While Defendants might have anticipated that, as a result of the information being

20   disseminated concerning Plaintiff Doug Ansell, customers might be dissuaded from doing business

21   with him or his company, there is nothing in the letters to direct the recipients to Defendants.  In

22   addition to the parties to this litigation, the field of potential resident agents in Nevada includes

23   thousands of lawyers and many other companies.  Accordingly, it would be entirely speculative as to

24   what benefit Defendants might derive from their actions in sending out the letters.  Moreover,

25   Defendants are correct in the assertion that the common law fraud alleged by Plaintiff is not a

26   predicate racketeering activity required by RICO.

1    Fraud must be pled with particularity.  F.R.Civ.P. 9(b).  The Second Amended Complaint

2  does not contain the required allegations for a claim of fraud.  The essence of Plaintiff's complaint is

3  that Defendants have deceived others concerning the true nature of Plainff Ansell's conviction for a

4  sex offense involving minors.  The circumstances that must be detailed include averments as to the

5  time, the place, the identity of the parties involved, and the nature of the fraud or mistake.  Brown v.

6  Kellar, 97 Nev. 582, 636 P. 2d 874 (1981), citing 5 Wright and Miller, Federal Practice and

7  Procedure s 1297 at p. 403 (1969).  See also, Allwaste, Inc. v. Hecht, 65 F.3d 1523 (9th Cir. 1995),

8  finding that Plaintiff had failed to satisfy the specficity requirements for alleging mail fraud.  In this

9  case, those who were allegedly induced to terminate their relationship with Plaintiff Incorp are

10  referred to generally but not named in the Second Amended Complaint.

11    **Enterprise.**

12    18 U.S.C. § 1961(4) defines "enterprise" to include "any individual, partnership, corporation,

13  association, or other legal entity, and any union or group of individuals associated in fact although

14  not a legal entity."  An enterprise "is proved by evidence of an ongoing organization, formal or

15  informal, and by evidence that the various associates function as a continuing unit."  Id. at 583.

16  Moreover, the courts have consistently held that in an action under section 1962(c) the defendant

17  "person" must be a separate and distinct entity from the "enterprise," which may be shown by

18  identifying the defendant persons and the enterprise independently.  Schreiber Distrib. Co. v. Serv-

19  Well Furniture Co., 806 F.2d 1393,1396 (9th Cir. 1986).  However, the liable person and the

20  enterprise need not be separate, meaning that the liable person may be a corporation using the

21  proceeds of a pattern of racketeering activity in its operations.  Id. at 1397.  Thus, the corporation-

22  enterprise is liable under RICO when the corporation is actually the direct or indirect beneficiary of

23  the pattern of racketeering activity, but not when it is merely the victim, prize, or passive instrument

24  of racketeering.  Id.

25    The Court finds Plaintiffs to have insufficiently alleged the "enterprise" component of the

26  RICO claim.  Although Plaintiffs have asserted that the corporation was hoping to benefit from the

1  pattern of racketeering activity by obtaining Plaintiffs' current and future customers, the letter did not

2  direct any of the receipts to Defendant Nevada State Corporate Network.

3      **Pattern.**

4      A "pattern" of racketeering activity is established by satisfying its two requisite components,

5  relatedness and continuity, where continuity need not be alleged with certainty to overcome a motion

6  to dismiss.  H. J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239, 250 (1989).  In particular,

7  the continuity component of "pattern" has two types, closed-ended and open-ended, and if either type

8  is identified by the allegations, the "continuity" element is established.  Id. at 241.  Generally, the

9  closed-ended continuity refers to a specifically defined period of repeated conduct, and the open-

10  ended continuity refers to the threat of continued racketeering activity.  Id. at 241-242.  Here, there is

11  no evidence of repeated actvity.  There was a  single mailing on July 19, 2007.  While the threat of

12  continuing activity may be shown either explicitly or implicitly, one of the ways the implicit threat

13  can be established is by showing that the goal of the illegal conduct or scheme is not yet achieved.

14  See id. at 242 ("[a] RICO pattern may surely be established if the related predicates themselves

15  involve a distinct threat of long-term racketeering activity, either implicit or explicit"); Dierdorff,

16  825 F.2d at 194 (concluding that the four alleged predicate acts posed a threat of continuing activity

17  because they "in no way completed the criminal scheme"); Ticor Title Ins. Co. v. Florida, 937 F.2d

18  447, 450-51 (9th Cir. 1991) (affirming that the three alleged acts of forgery demonstrated a pattern of

19  racketeering activity because the event of forgery might continue if attempts to obtain legitimate

20  releases in the future is unsuccessful).

21      If the purpose of the letters was to discredit Plaintiff and his business, nothing further would

22  be necessary.  However, if the purpose was for Defendants to obtain Plaintiff's customers, followup

23  communications would be needed to direct recipients to Defendants.

24      Here, as stated, there is evidence only of a single mailing.  Because the mailing did not direct

25  the recipients to Defendants, any assertion that Defendants' act of mailing and transmitting false and

26  fraudulent letters poses a threat of continuing activity due to incompletion of the alleged criminal

scheme is pure conjecture.[2]  Plaintiffs have failed to plead adequate facts to demonstrate a "pattern"
of racketeering activity.

**IV.  Conclusion**

Plaintiff's allegations, at most, support claims under state tort law.  The Second Amended
Complaint is deficient in the areas set out above.  In the absence of a basis for exercise of federal
jurisdiction, the Court will not exercise supplemental jurisdiction over Plaintiff's remaining claims.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#30) is
**GRANTED**;

IT IS FURTHER ORDERED that Count I is **DISMISSED**;

IT IS FURTHER ORDERED that  Plaintiff's remaining counts are **DISMISSED without
prejudice**.

IT IS FURTHER ORDERED that Plaintiff may file a Third Amended Complaint within thirty
days of this order to overcome the deficiencies set forth above**.**

DATED this 30th day of September 2008.

_____
Kent J. Dawson
United States District Judge

---

[2]Plaintiff's later filed Motion for Order to Show Cause for Violation of Preliminary Injunction might be alleged
to be part of the continuing pattern, however, the Court found Defendant,Craig Zapper's intent in discussing with others
the lawsuit and facts underlying it to be sufficiently ambiguous as to not warrant sanction for contempt.